UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JR, as the parent of MR,**
**his minor child,**

    **Plaintiff,**

    v.                                            **CIV. NO. 08-748 MV/ACT**

**ALBUQUERQUE PUBLIC SCHOOLS,**
**VERONICA PRAGER, and TRACY HERRERA,**
**employees of Albuquerque Public Schools,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion and Brief for an Order Staying Discovery Pending Resolution of Qualified Immunity Defense filed January 12, 2009 [Doc. 25]. Defendants are seeking a stay of discovery until the Court rules on the individual defendants' Motion for Partial Summary Judgment on the Grounds of Qualified Immunity filed January 12, 2009 [Doc. 24]. Plaintiff's filed a Response [Doc. 28] asserting that a stay should not be imposed because the motion would not dispose of the entire case; a ruling on the motion would not change the discovery in this matter; and a stay would unduly delay the lawsuit. The Court having reviewed the pleadings and being otherwise advised in the premises, finds that the Motion is well taken and will be granted.

The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity

from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).  Indeed when a motion based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery, and should stay discovery until the court considers and determines the motion based on qualified immunity.  *Workman,* 958 F.2d at 336.

      The Court will stay this matter as to all Defendants.[1]  Only a full stay of discovery would be consistent with the goals behind qualified immunity claimed by the individual Defendants.  *Workman*, 958 F.2d at 336.  If discovery were to proceed with the non-qualified immunity Defendant, as a practical matter, the qualified immunity Defendants would have to participate in ongoing discovery.  They would have to keep abreast of the discovery, review discovery and responses, send representatives to depositions and incur the burdens of the trial process while awaiting a resolution on the pending motion for partial summary judgment.  In addition, the Court under the Civil Justice Reform Act, 28 U.S.C. § 471 et seq., has an obligation to reduce the costs of litigation.  By allowing discovery to proceed the Court would be exposing the Defendants who have filed this motion to costs which they would not have to incur if their motion is granted.

      **IT IS THEREFORE ORDERED** that Defendants' Motion and Brief for an Order Staying Discovery Pending Resolution of Qualified Immunity Defense is granted and all discovery will be stayed pending the court's ruling on Plaintiff's Motion and Brief to Reserve Ruling on Motion for

---

[1] The Court is aware that Plaintiff has filed a Rule 56(f) motion requesting limited discovery [Doc. 29]. That Motion requests the presiding Judge to reserve ruling on the Motion for Partial Summary Judgment on the Grounds of Qualified Immunity until limited discovery is permitted and is thus before the presiding Judge.

Summary Judgment Pursuant to Rule 56(F) [Doc. 29] the individual Defendants' Motion for Partial Summary Judgement on the Grounds of Qualified Immunity.

                                                                  **ALAN C. TORGERSON**
                                                                  **UNITED STATES MAGISTRATE JUDGE**