**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JR, as the parent
of MR, his minor child,

       Plaintiff,

v.                                                                                    Civ. No. 08-748 MV/ACT

ALBUQUERQUE PUBLIC SCHOOLS,
VERONICA PRAGER, and
TRACY HERRERA, employees
of Albuquerque Public Schools,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion and Brief to Reserve Ruling on Motion for Summary Judgment Pursuant to Rule 56(f) (Doc. No. 29, filed January 26, 2009) ("Motion to Reserve Ruling"), on Defendants Prager and Herrera's ("the Individual Defendants") Motion for Partial Summary Judgment on the Grounds of Qualified Immunity (Doc. No. 24, filed January 12, 2009) ("Qualified Immunity Motion"), and on Defendant APS's Motion for Summary Judgment on Count I of Plaintiff's Complaint, Violation of Title IX (Doc. No. 30, filed February 2, 2009) ("Title IX Motion"). For the reasons stated below, the Court will **GRANT** Plaintiff's Motion to Reserve Ruling, **DENY** the Individual Defendants' Qualified Immunity Motion without prejudice and **DENY** Defendant APS' Title IX Motion for Summary Judgment.

**Background**

MR is a minor child and a student at an Albuquerque Public Schools ("APS") elementary school. (Complaint ¶ 8, Doc. No. 1, filed August 12, 2008). MR was allegedly molested by a classmate in their kindergarten class in December 2007. (*Id.* ¶ 9). The APS police department performed an investigation of the molestation. (*Id.* ¶ 11). Plaintiff alleges Defendants did not inform Plaintiff of the incident even though MR's name came up as a victim and did nothing to remedy the dangerous and hostile situation. (*Id.* ¶¶ 12-13).

In December 2007, Defendant Prager contacted MR's mother and said that there was a concern about a bigger kid touching another smaller girl in school and asked MR's mother if MR had ever been touched by anyone. (Qualified Immunity Motion at 3). Both of MR's parents asked MR whether she had been touched. (*Id.*). MR told both her parents that she had not been touched. (*Id.*). MR's mother informed Defendant Prager that MR denied being touched. (*Id.*). Plaintiff alleges that MR was molested many times by her classmate between December 2007 and the time she was moved to a different classroom in April 2008. (*Id.* at 4).

Plaintiff's Complaint alleges: (1) Violation of Title IX of the Education Amendments of 1972 in that MR was deprived of access to educational benefits and opportunities, (2) Violation of Right to Equal Protection in that Defendants were deliberately indifferent to the discrimination MR suffered based on her gender, and (3) Negligent Operation of a Building in that Defendants operated the classroom in a manner that the molestation was allowed to occur. (Complaint ¶¶ 16-39).

Defendants Prager and Herrera ("Individual Defendants") filed a motion for partial summary judgment on the grounds of qualified immunity. (*See* Doc. No. 24, filed January 12, 2009). Instead of filing a response, Plaintiff filed the Motion, now before the Court, to reserve ruling on the motion

for summary judgment pursuant to Rule 56(f).

**Rule 56(f) Standard**

> Rule 56(f) provides:
>
> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).  A party seeking discovery under Rule 56(f) must provide the Court with an affidavit:

> Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts.  In [the 10th Circuit], the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

"The general principle of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"  *Price v. Western Resources, Inc.*, 232 F.3d at 783 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  The Court "has discretion to determine whether to allow additional discovery following the filing of a Rule 56(f) affidavit and the Rule 56(f) affidavit should be treated liberally unless dilatory or lacking in merit."  *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990).  However, "Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials

should be resolved prior to discovery and on summary judgment if possible." *Id.* (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)).

**Plaintiff's Motion to Reserve Ruling**

Plaintiff asks the Court to reserve ruling on the Individual Defendants' motion for partial summary judgment on the grounds of qualified immunity until Plaintiff takes the deposition of the Individual Defendants and the grandmother of one of M.R.'s classmates.

Plaintiff had not taken those depositions because the case was "relatively young." (Motion at 3). The Rule 16 scheduling conference took place in November 2008. Plaintiff requested deposition dates for the Individual Defendants in December and again in January 2009. (*Id.*). The Individual Defendants filed their motion regarding qualified immunity in January 2009. Magistrate Judge Torgerson stayed discovery on February 4, 2009, pending a ruling on the Individual Defendants' motion for summary judgment.

Plaintiff seeks to take the deposition of Lourdes Hutchison. (Motion at 3). Ms. Hutchison is the grandmother of another girl in MR's class who was molested. (*Id.*). In his affidavit, Plaintiff states:

> I also believe that the deposition of Lourdes Hutchison will support my claims against [the Individual Defendants]. Specifically, Ms. Hutchison will testify that she and the individual Defendants knew that my daughter had been molested at school, yet failed to either notify me or to remedy my daughter's school environment.

(*Id.* at 6).

Plaintiff also seeks to take the deposition of the Individual Defendants. (Motion at 3). The Individual Defendants are a teacher and principal at MR's school. (Complaint ¶¶ 3-4). In his affidavit, Plaintiff states: "Specifically, I believe [the Individual Defendants] will testify that they knew my daughter was in danger of being molested during the Spring 2008 semester, yet failed to

take reasonable steps to protect her." (Motion at 6).

The Individual Defendants argue that Plaintiff's affidavit does not satisfy Rule 56(f) and suggest it constitutes an attempt to create a sham fact issue because it contradicts the testimony of Plaintiff and his wife. (Response at 3-5).

Plaintiff's affidavit does not contradict his and his wife's testimony. They testified that after the teacher asked them if MR had been inappropriately touched, Plaintiff's wife informed the teacher that MR denied being touched. The Individual Defendants' knowledge of MR's situation is not necessarily limited to what Plaintiff's wife reported to the teacher.

The Court will grant Plaintiff's Motion to Reserve Ruling on the Individual Defendants' summary judgment motion because Plaintiff has not had the opportunity to discover information essential to his opposition. *See Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) ("the movant's [for summary judgment] exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56(f)").

The Court will lift the stay of discovery for the limited purpose of resolving the qualified immunity issue. While it protects government officials from the costs associated with trial and the other burdens of litigation, including the burden of broad reaching discovery, the doctrine of qualified immunity does not shield from all discovery. *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990) (until the threshold immunity question is determined, discovery shall be limited to resolving that issue alone). Plaintiff is entitled to proceed with his requested discovery pursuant to Rule 56(f).

**Individual Defendants' Qualified Immunity Motion**

The Individual Defendants seek partial summary judgment on the grounds of qualified

immunity.  (*See* Doc. No. 24, filed January 12, 2009).  They contend that Plaintiff must establish that they participated in or consciously acquiesced in the sexual harassment of MR.  (*Id.* at 5; *quoting Murrell v. School District No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999)).  The Individual Defendants argue that Plaintiff cannot meet his burden because, among other things, Plaintiff testified he has no evidence that the Individual Defendants consciously acquiesced to the inappropriate touching of MR.  (*Id.* at 6).

Because the the Court is lifting the stay of discovery for the purpose of resolving the qualified immunity issue, the Court will deny the Individual Defendants' Qualified Immunity Motion without prejudice.  The Individual Defendants may file a motion for partial summary judgment on the grounds of qualified immunity after the discovery is completed.

**APS' Title IX Motion**

Defendant APS filed a Motion for Summary Judgment on Count I of Plaintiff's Complaint, Violation of Title IX.  (Doc. No. 30, filed February 2, 2009).  Title IX provides "'[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.'"  *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1246 (10th Cir. 1999).  Title IX permits a plaintiff to hold a school district liable for its own decision to remain idle in the face of known student-on-student harassment in its schools.  *Id.*  A plaintiff must allege the following four factors to state a claim of school district liability under Title IX:  (1) the district had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school.  *Id.*   Defendant APS contends that Plaintiff cannot meet his burden of

setting forth specific facts showing that there is a genuine issue for trial on the first, second and fourth factors required to state a claim of school district liability under Title IX.

The fourth factor requires that the victim be deprived of access to the educational benefits or opportunities provided by the school.  "[A] plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 652 (1999); *Gabrielle M. v. Park Forest-Chicago Heights, IL School Dist. 163*, 315 F.3d 817, 823 (7th Cir. 2003) ("The harassment must have a 'concrete, negative effect' on the victim's education."). Examples of a negative impact on access to education include dropping grades, becoming homebound or hospitalized due to harassment, physical violence, and withdrawing from school. *See id; Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1248-49 (10th Cir. 1999); *Hayut v. State University of New York,* 352 F.3d 733, 748 (2d Cir. 2003); *Vance v. Spencer County Public School Dist.*, 231 F.3d 253, 259 (6th Cir. 2000).  There was no concrete, negative effect on the ability to receive an education or the enjoyment of equal access to education programs or opportunities where "none of the girls suffered a decline in grades and none of their teachers observed any change in their demeanor or classroom participation." *Hawkins v. Sarasota County School Bd.*, 322 F.3d 1279, 1289 (11th Cir. 2003) (the girls testified that they were upset about the harassment although not enough to tell their parents until months after it began).

Defendant APS contends that MR has not been deprived of any educational opportunities or benefits.  (Motion at 11).  In support of its Motion, Defendant APS cites to Plaintiff's deposition in which Plaintiff testified that his daughter MR did not miss out on any educational opportunity

7

because of the alleged harassment.  (Motion at 5).  Plaintiff also testified that he is not claiming that any of MR's absences during her pre-kindergarten year were the direct result of the allegations in the lawsuit.  (*Id.*).  MR's mother also testified that MR progressed appropriately in school, that there were no areas that MR's mother was concerned that she was not getting a proper education, that MR's mother was satisfied with the way MR was progressing, did not identify any areas that MR was behind in, and did not identify any areas MR was deficient in regarding MR's educational preparation.  (*Id.* at 5-6).

Defendant APS has not persuaded the Court that there are no genuine issues of material fact regarding whether MR has been deprived of any educational opportunities or benefits.  Indicators of a concrete, negative effect on the ability to receive an education or the enjoyment of equal access to education programs or opportunities include a decline in grades and changes in demeanor or classroom participation.  *See Hawkins v. Sarasota County School Bd.*, 322 F.3d 1279,  1289 (11th Cir. 2003).  MR was in a pre-kindergarten class which suggests there are no prior grades to determine whether there was a decline in grades.  Furthermore, Defendant APS bases its motion on the testimony of MR's parents who, presumably, were not present in MR's class.  Defendant APS presents no facts regarding any changes in MR's demeanor or classroom participation.

Defendant also contends that Plaintiff cannot meet his burden of setting forth specific facts showing that there is a genuine issue for trial regarding whether the district had actual knowledge of and was deliberately indifferent to the alleged harassment.  The only facts Defendant APS presents regarding knowledge of and indifference to the alleged harassment is the testimony of Plaintiff and his wife regarding what Plaintiff's wife told MR's teacher.  The teacher's and principal's knowledge of any classroom harassment of MR is not necessarily limited to what

Plaintiff's wife reported to the teacher.

The Court will deny Defendant APS' Motion for Summary Judgment because Defendant APS failed to meet its "initial burden of presenting evidence to show the absence of a genuine issue of material fact." *See Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008); *see also* FED. R. CIV. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

**IT IS SO ORDERED.**

Dated this 28th day of September, 2009.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Eric Loman
111 Lomas, NW, #230
Albuquerque, NM 87102

*Attorneys for Defendants:*

Andrea K. Robeda
Arthur D. Melendres
Max J. Madrid
Megan Muirhead
P. O. Box 2168
Albuquerque , NM 87103