IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JR, as the parent
of MR, his minor child,

        Plaintiff,

v.                                                            Civ. No. 08-748 MV/ACT

ALBUQUERQUE PUBLIC SCHOOLS,
VERONICA PRAGER, and
TRACY HERRERA, employees
of Albuquerque Public Schools,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Claims for Negligent Operation of a Building (Doc. No. 39, filed April 10, 2009). For the reasons stated below, the Court will **DENY** the Motion.

**Undisputed Material Facts**

Plaintiff alleges that M.R. was touched inappropriately in her pre-kindergarten class by a pre-kindergarten classmate beginning in December of 2007. (Motion ¶1, at 1). Plaintiff also alleges that Defendants Prager and Herrera, both employees of Defendant Albuquerque Public Schools, knew that M.R. had been identified by a classmate as having been inappropriately touched by another classmate. (*Id.* ¶2, at 1).

In December of 2007, Defendant Prager contacted M.R.'s mother and "said that there was a concern about a bigger kid touching another smaller girl in pre-K . . . then she [asked] me . . . if [M.R.] has ever been touched by someone." (*Id.* ¶3, at 2). M.R.'s mother asked M.R. whether she had been touched. (*Id.* ¶5, at 2). M.R. told her mother that she had not been touched. (*Id.* ¶6, at 2).

M.R.'s father asked M.R. whether she had been touched.  (*Id.* ¶8, at 2).  M.R. told her father that she had not been touched.  (*Id.* ¶9, at 2).  M.R.'s mother advised Defendant Prager that M.R. denied being touched.  (*Id.* ¶13, at 3).

In April of 2008, M.R.'s mother learned from another pre-kindergarten student's grandmother and her granddaughter that in December of 2007, the granddaughter had made allegations that M.R. had been inappropriately touched by a classmate.  (*Id.* ¶14, at 3).  Defendants Herrera and Prager met with M.R.'s parents and agreed to move M.R. out of the alleged harasser's classroom.  (*Id.* ¶18, at 3).

**Negligent Operation of a Building**

The New Mexico Tort Claims Act grants government entities and public employees immunity from liability for tort, but waives that immunity in certain circumstances.  *See* N.M. Stat. Ann. § 41-4-4.  The Tort Claims Act waives immunity for damages caused by "the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building."  N.M. Stat. Ann. § 41-4-6.

"For the waiver to apply, the negligent operation or maintenance must create a dangerous condition that threatens the general public or a class of users of the building."  *Upton v. Clovis Mun. School Dist.*, 2006-NMSC-040, ¶ 8.  "The waiver applies to more than the operation or maintenance of the physical aspects of the building, and includes safety policies necessary to protect the people who use the building."  *Id.*, ¶ 9; *see also Leithead v. City of Santa Fe*, 1997-NMCA-041, ¶ 12 (where child nearly drowned in city pool, "City lifeguards did not adequately perform duties that were essential to public safety, they negligently operated the swimming pool and thereby created a condition on the premises that was dangerous to [the child] and the general public").  "A claim of

negligent supervision, standing alone, is not sufficient to bring a cause of action within the waiver of immunity created by Section 41-4-6." *Upton*, ¶ 16; *see also Espinoza v. Town of Taos*, 120 N.M. 680, 684 (1995) ("no waiver of sovereign immunity for negligent supervision of children at a playground"). Section 41-4-6 "does not waive immunity for a single, discrete administrative decision affecting only a single person, as opposed to a dangerous condition affecting the general public." *Upton*, ¶ 17; *see also Archibeque v. Moya*, 116 N.M. 616 (1993) (where a prison employee's alleged negligence in ignoring specific threats and in releasing a prisoner into the general population resulted in the prisoner's injury, the New Mexico Supreme Court held that the employee's negligent performance of an administrative function, putting at risk a single individual, did not fall under the waiver of immunity).

Defendants contend that "Plaintiff cannot establish that Defendants negligently operated M.R.'s classroom." (Motion at 7). Defendants argue that when they first heard the allegation of molestation in December, they immediately contacted M.R.'s mother who assured Defendants that no molestation had occurred, and in April of 2008, when M.R. claimed that molestation had occurred, Defendants immediately terminated all contact between M.R. and the alleged perpetrator. (Motion at 7–8). Defendants allege that their facts demonstrate that there "is no evidence that Defendants negligently responded to any known threat to M.R." (Motion at 6-8). The only facts Defendants present regarding knowledge of any threat to M.R. is what M.R.'s mother told M.R.'s teacher. The Defendants' knowledge of any threat to M.R. is not necessarily limited to what M.R.'s mother reported to the teacher.

Defendants also contend that there is no waiver of immunity because the alleged negligence relates solely to M.R. and not to a class of users of Navajo Elementary. (Motion at 9-10). Defendants make the conclusory allegation that Plaintiffs "cannot establish that Defendants' operation and maintenance of Navajo Elementary created a dangerous condition that threatened the general public or a class of users of the facility." (Motion at 9). Defendants present no facts that the alleged negligence did not pose a risk to other students. *See Upton*, ¶ 23 ("negligence must be of a kind which makes the premises dangerous, or potentially so, to . . . the users of the building"). Although Defendants allege that their facts show that M.R. was the only victim of the alleged perpetrator, those facts do not demonstrate that there was no risk to other students. *See Upton*, ¶ 24 ("Failure to respond appropriately to an emergency medical situation [for one student] is a potential threat to every student in school because such a situation can occur at any time . . . the school's failures, if proven, created a dangerous condition for all special-needs children, and with regard to emergency responsiveness, for every student at school").

The Court will deny Defendants' Motion for Summary Judgment because Defendants failed to meet their "initial burden of presenting evidence to show the absence of a genuine issue of material fact." *See Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008); *see also* FED. R. CIV. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

**IT IS SO ORDERED.**

Dated this 18th day of February, 2010.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Eric Loman
111 Lomas, NW, #230
Albuquerque, NM 87102

*Attorneys for Defendants:*

Andrea K. Robeda
Arthur D. Melendres
Max J. Madrid
Megan Muirhead
P. O. Box 2168
Albuquerque , NM 87103